IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                                                        CIVIL ACTION NO. 4:13-cv-7-HSO-RHW

REAL PROPERTY LOCATED AT 2105                                  DEFENDANT
9TH STREET, MERIDIAN, MISSISSIPPI, et al.
PROPERTY

**<u>ORDER ALLOWING GOVERNMENT TO RETAIN CUSTODY AND
CONTROL OF THE DEFENDANT REAL PROPERTY PENDING THE
OUTCOME OF THE INSTANT CIVIL ASSET FORFEITURE ACTION</u>**

BEFORE THIS COURT is the matter of the seizure of the Defendant Real

Property located at 501 46th Avenue, Meridian, Mississippi ("the Defendant Real

Property"). Plaintiff United States of America moves the Court pursuant to Title 18

§ 985(d) to seize and to maintain control of the Defendant Real Property pending

the outcome of the instant civil asset forfeiture action.

The Government argued in its *Ex Parte* Application for Warrant to Seize the

Defendant Real Property [Ct. Doc. Nos. 31-32] and its supporting Affidavit [Ct. Doc.

Nos. 33(SEALED)] that the Defendant Real Property is subject to forfeiture and

that there exist exigent circumstances that permit the Government to seize the

Defendant Property without prior notice and an opportunity for the property owners

to be heard. This Court granted the Government's request to seize the Defendant

Real Property. On June 7, 2013, the Court held a post-seizure hearing during

which the persons who claim to own the Defendant Real Property had an

opportunity to contest the basis for the aforementioned seizure. Having considered

the Government's *ex parte* Application and Affidavit, the parties' briefings on this matter, and the relevant federal statutes and jurisprudence, the Court finds that the seizure of the Defendant Real Property was proper and that the Government shall retain custody and control of the subject real property pending the outcome of the instant civil asset forfeiture action.

## I.   Pertinent Facts and Procedural History

On January 8, 2013, the Government filed in this cause a Verified Complaint for Forfeiture *in Rem* [Ct. Doc. Nos. 1 and 4], seeking to forfeit pursuant to Title 18 U.S.C. § 1955(d) nine parcels[1] of real property located in Meridian, Mississippi.  The Verified Complaint states that the aforementioned nine parcels of real property are subject to forfeiture because said property was involved in and was used in the operation of an illegal gambling business, in violation of Title 18 U.S.C. §§ 1955(a) and (b).  Twelve individual claimants have since filed claims[2] asserting ownership interests in one or more of the defendant nine parcels of property.  Also, on January 8, 2013, the Government filed a *lis pendens* affecting the title of each of the subject nine parcels of real property. [*See* Ct. Doc. No. 32, at ¶ 1].  On March 20, 2013, this Court entered an Order [Ct. Doc. No. 27], granting the Government's Unopposed Motion to Stay [Ct. Doc. No. 26] the instant civil forfeiture proceedings pending the outcome of an ongoing criminal investigation related to the illegal gambling activity alleged in the Verified Complaint.

---

[1] The Defendant Real Property located at 501 46th Avenue, Meridian, Mississippi is identified in the Verified Complaint as "Defendant Parcel No. 3."

[2] On February 27, 2013, Potential Claimants Dennis M. Gordon, Debra S. Gordon, and William Wayne Gordon, Jr. filed separate ownership claims to the subject Defendant Real Property [Ct. Doc. Nos. 9, 10, and 12, respectively].

On May 14, 2013, the Government filed an *Ex Parte* Application for Warrant to Seize the Defendant Real Property [Ct. Doc. Nos. 31-32] and a supporting Affidavit [Ct. Doc. No. 33(SEALED)]. This Court determined based on the *Ex Parte* Application and Affidavit that there was probable cause to believe the Defendant Real Property is subject to forfeiture pursuant to Title 18 U.S.C. § 1955(d) and that there were exigent circumstances which justified the immediate seizure of the Defendant Real Property pursuant to Title 18 U.S.C. § 985(d). [*See* Ct. Doc. No. 36]. On June 7, 2013, the Court held a post-seizure hearing to provide those persons who claim an ownership interest in the Defendant Real Property an opportunity to contest the basis of the seizure of said property.

## II. Analysis

The pre-trial seizure and continued governmental control of the Defendant Real Property is necessary because less restrictive measures will not suffice to protect the Government's interest in preventing the continued unlawful use of the Defendant Real Property. *See* Title 18 U.S.C. §§ 985(d)(1)(B)(ii) and (2). Title 18 U.S.C. § 985(b)(1)(A) provides, in pertinent, that "real property that is the subject of a civil forfeiture action shall not be seized before entry of an order of forfeiture." Furthermore, the owners or occupants of any such real property "shall not be [...] deprived of the use and enjoyment of [...] real property that is the subject of a pending forfeiture action." *See* Title 18 U.S.C. § 985(b)(1)(B). Title 18 U.S.C. § 985(d)(1) prescribes, however, that:

> Real property may be seized prior to the entry of an order
> of forfeiture if— (A) the Government notifies the court

that it intends to seize the property before trial; and (B) the court [...] (ii) makes an ex parte determination that there is probable cause for the forfeiture and that there are exigent circumstances that permit the Government to seize the property without prior notice and an opportunity for the property owner to be heard.

Title 18 U.S.C. §§ 985(d)(1)(A) and (B)(ii).  In order to establish such exigent circumstances, the Government must show "that less restrictive measures such as a *lis pendens*, restraining order, or bond would not suffice to protect the Government's interests in preventing the sale, destruction, or continued unlawful use of the real property." Title 18 U.S.C. § 985(d)(2).

The Government met its initial burden of establishing that exigent circumstances justified the seizure of the Defendant Real Property when it filed its *Ex Parte* Application for Warrant to Seize the Defendant Real Property [Ct. Doc. Nos. 31-32] and a supporting Affidavit [Ct. Doc. No. 33 (SEALED)].  As such, on May 14, 2013, this Court issued a Warrant for Seizure of Real Property [Ct. Doc. No. 34], ordering the Internal Revenue Service, Criminal Investigations ("IRS-CI") to seize the Defendant Real Property.  The Government thereafter seized the Defendant Real Property, posted notice of the seizure in accordance with applicable law, and provided direct notice of the seizure to all potential claimants and owners reasonably known to the Government. [Ct. Doc. No. 41].  On June 7, 2013, the Court held a post-seizure hearing to afford any parties in interest with respect to the Defendant Real Property an opportunity to contest the pre-trial seizure. *See* Title 18 U.S.C. § 985(e); *see also United States v. Real Property Located at 1184 Drycreek Road*, 174 F.3d 720, 731 (6th Cir. 1999).

At the June 7, 2013 post-seizure hearing, Potential Claimants Dennis M. Gordon, Debra S. Gordon, and William Wayne Gordon, Jr. appeared before this Court to contest the basis of the Government's seizure of the Defendant Real Property. The Government presented at the hearing testimonial evidence that the Defendant Real Property was subject to forfeiture pursuant to Title 18 U.S.C. § 1955(d) and that said property was used in violation of violation of Title 18 U.S.C. §§ 1955(a) and (b), even after the Government initiated the instant civil asset forfeiture proceedings and filed a *lis pendens* on the Defendant Real Property. Mr. Doug Rhone testified that he worked for at least four years at The Sports Connection, the business which occupies the Defendant Real Property. Mr. Rhone stated that at all times during his employment with The Sports Connection, the Defendant Real Property served as a location at which illegal gambling wagers were placed and patrons could illegally gamble on slot machines. Mr. Rhone detailed the methods by which illegal gambling took place at the Defendant Real Property. Furthermore, Mr. Rhone testified that illegal gambling continued to take place at the Defendant Real Property as of the date Mr. Rhone left his employment at The Sports Connection in April 2013, well after the Government filed the Verified Complaint and the relevant *lis pendens* on January 8, 2013. The Court also heard the testimony of IRS-CI Special Agent Dan Henry. Special Agent Henry stated that he was involved in the investigation of this matter and participated in the January 2013 seizure of illegal gambling contraband from the Defendant Real Property. Agent Henry further testified that the investigation of this matter continued after

the filing of the Verified Complaint and that an IRS-CI undercover agent had placed in-person and telephonic gambling wagers at the Defendant Real Property as recently as May 14, 2013. [*See* Ct. Doc. No. 46-2]. Potential Claimants Dennis M. Gordon, Debra S. Gordon, and William Wayne Gordon, Jr. offered no persuasive evidence to challenge or rebut the testimony of Mr. Rhone or Agent Henry.

Based on the briefings, record evidence, and the testimony at the June 7, 2013 post-seizure hearing, this Court finds that the Government has met its burden of establishing that there is probable cause to believe that the Defendant Real Property is subject to forfeiture pursuant to Title 18 U.S.C. § 1955(d) in that the Defendant Real Property was involved in and was used in the operation of an illegal gambling business, in violation of Title 18 U.S.C. §§ 1955(a) and (b). The Court further finds that the Government has established probable cause to believe that the Defendant Real Property was being used in violation of Sections 1955(a) and (b) at least until May 14, 2013, well after the Government initiated these forfeiture proceedings and filed a *lis pendens* against the Defendant Real Property.

For the foregoing reasons, and for the reasons stated on the record at the conclusion of the hearing, this Court finds that the pre-trial seizure of the Defendant Property is warranted and that less restrictive measures, such as a *lis pendens*, restraining order, or bond, would not suffice to protect the Government's interests in preventing the continued unlawful use of the Defendant Real Property. As such, the Government's continued custody and control of the Defendant Real Property is justified.

**IT IS, THEREFORE, ORDERED AND ADJUDGED,** that the Government will maintain possession of the Defendant Real Property pending the outcome of the instant civil asset forfeiture action.

**IT IS, FURTHER, ORDERED AND ADJUDGED,** that Potential Claimants Dennis M. Gordon, Debra S. Gordon, and William Wayne Gordon, Jr. are not entitled to any recovery of lost profits from the date of the *ex parte* seizure of the Defendant Real Property.

**SO ORDERED AND ADJUDGED**, this the 19th day of June, 2013.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE